THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALFRED CHILDS, Appellant.

*Case on appeal in a criminal action — when an appellate court may require that questions asked by the court below be set forth in* hæc verba *— remarks made in pronouncing sentence should not be inserted.*

While the appellate courts are inclined to adhere with great strictness to rule 34 of the General Rules of Practice, providing that a case or exceptions shall not contain the evidence *in hæc verba* unless otherwise ordered by the judge or referee before whom the same shall be settled, this rule does not exclude the power of the appellate court to look into the record of a criminal trial, in the

course of which the trial judge interrogated the witnesses sworn, for the purpose of seeing whether the conduct of the trial judge has or may have seriously affected the rights of the defendant, and where it is made to appear by affidavit that such has been the effect of the action of the trial judge, the reviewing court may require the whole record to be presented to it on appeal.

The record on appeal from a judgment of conviction rendered in a criminal case should not contain the remarks made by the trial judge when pronouncing sentence upon the prisoner.

APPEAL by the defendant, Alfred Childs, from an order of the Court of General Sessions of the Peace in and for the city and county of New York, entered in the office of the clerk of said court on the 18th day of February, 1903, denying the defendant's motion to resettle the case on appeal in the above-entitled action.

*Lewis Stuyvesant Chanler*, for the appellant.

*Robert S. Johnstone*, for the respondent.

PATTERSON, J. :

The appellant was convicted of the crime of murder in the second degree and was sentenced to State prison for the term of his natural life. He was tried in the Court of General Sessions of the Peace for the county of New York, the recorder presiding, upon an indictment charging him with murder in the first degree. Intending to appeal from the judgment of conviction, his attorney prepared and served upon the district attorney of the county of New York a proposed case on appeal, to which amendments were served by the district attorney. The case and amendments were presented to the recorder for settlement and he allowed such amendments. Thereupon the appellant's attorney served a notice of motion for a resettlement of the case. That motion was entertained by the recorder, who, after deliberation, denied it, and from the order of denial this appeal is taken.

In the proposed case, as originally prepared and served by the appellant's attorney, appeared a ruling of the court upon a question asked of certain talesmen, namely, whether if it appeared as a fact during the trial that the defendant had a pistol in his possession at the time the homicide was committed, that fact of itself would prejudice them against the defendant. It was proven and not denied that the killing which was the subject of the indictment was

by a pistol shot fired by the accused, who claimed that he acted in self-defense. The recorder would not allow this question to be answered. Twelve jurors were sworn, and the panel was completed when the recorder of his own motion allowed counsel for the accused to put to the jurors the question which had previously been disallowed. No evidence had been given in the case up to that point, and the court still had power to set aside a juror for good cause. (Code Crim. Proc. § 371.) The court, as the record shows, was prevented from exercising that power by the course pursued by the counsel for the prisoner, who not only acquiesced in the question being put to the jurors at that stage of the trial, but accepted the jury and remarked, "I desire to place upon the record that I withdraw the exception which I took to your Honor's refusal to permit the question to be asked." There can be no doubt that the exception was waived.

In the proposed case, as submitted, much of the record consists of the examination of witnesses as it was recorded by question and answer. The amendments required that the testimony be reduced to narrative form and the recorder held that the record should be made up in that form. It is now argued by the appellant that to have the case presented properly on appeal, it should stand in the form in which it was originally prepared because many of the questions were asked by the court and not by counsel. In the case as proposed, it is made to appear that the court asked a great many questions on the examination of the prisoner which related to the procurement by him of a pistol and the purpose with which he bought it, as indicating deliberation and preparation to commit the homicide. As the case was prepared, a long series of questions upon this subject is attributed to the court, whereas, according to the contention of the district attorney and the certification of the recorder, he asked but one question of that series. As that is a matter within the personal knowledge of the recorder, his ruling is conclusive.

There were many other questions asked by the recorder, and the appellant insists that they and the answers to them should appear in the record by a literal transcription from the stenographer's minutes and not in the narrative form; that the questions as put affected the minds of the jury adversely to the prisoner. Whether,

in a case on appeal, the evidence shall be recorded in narrative form or by question and answer, is regulated by rule 34 of the General Rules of Practice, which provides that a case or exceptions shall not contain the evidence in *hæc verba*, or by question and answer, unless ordered by the judge or referee by or before whom the same shall be settled; but the facts and rulings of the court shall be stated in a narrative form, except where either party claims that any particular testimony should be recorded by question and answer; and then the judge or referee, who settles the case, shall determine whether a proper presentation of the case for review requires that such portion of the evidence be stated in *hæc verba*. This is a rule to which appellate courts are inclined to adhere with great strictness, but it does not exclude the power of the reviewing court to look into a record to see, when the trial judge interposes and examines witnesses himself, whether his conduct has or may have seriously affected the rights of the party; and where it is made to appear by affidavit that such has been the effect, the reviewing court may require the whole record to be presented to it on appeal. But it must be shown that the party's rights have been or may have been actually prejudiced; and that he has a substantial grievance and that the questions put by the trial judge were or may have been improper. Nothing of the kind is made to appear here, and, therefore, we cannot interfere with the ruling made in this case.

The counsel for the prisoner took certain exceptions to the charge of the recorder. They were taken and inserted in the record in their proper places, as the appellant's attorney admits. In preparing his case, he restated them in another portion of the record and it was entirely within the province of the recorder to strike the reiteration from the record.

The appellant also claims that there should appear in the record certain remarks made by the recorder in imposing sentence. Those remarks had nothing whatever to do with the trial and form no part of the record which should come to this court.

The order appealed from should be affirmed.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order affirmed.