THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* BRON-ISLAUS SOBIERAJSKI, Respondent.

Fourth Department, June 29, 1928.

*Guy B. Moore, District Attorney [Walter F. Hofheins* of counsel], for the appellant.

———————— ——————, for the respondent.

Judgment of conviction affirmed upon the opinion of HINKLEY, J., delivered at the Trial Term.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

The following is the opinion of the court below:

HINKLEY, J. The above-named defendant was convicted on April 24, 1928, of the crime of robbery, first degree.

Upon his arraignment he admitted his identity as having been convicted on January 25, 1918, of assault in the second degree and sentenced to Elmira; and also on May 26, 1922, he was convicted of assault in the second degree and sentenced to Auburn State Prison for the term of four years.

There was thus presented to the court the determination of whether, under section 1941 of the Penal Law, the court was required to sentence the defendant for the term of his natural life.

Section 1941 (as amd. by Laws of 1926, chap. 457) is as follows: "Punishment for second offense of felony. A person, who, after having been convicted within this State, of a felony, or an attempt to commit a felony, or, under the laws of any other State, government, or country, of a crime which, if committed within this State,

would be a felony, commits any felony, within this State, is punishable upon conviction of such second offense, as follows:

" If the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction."

The punishment for robbery in the first degree is designated under section 2125 of the Penal Law (as amd. by Laws of 1926, chap. 436) as imprisonment for a term not less than fifteen years; and for burglary in the first degree, under section 407 (as amd. by Laws of 1926, chap. 436), as imprisonment for not less than fifteen years.

Trial courts have construed section 1941, upon a conviction for robbery in the first degree or burglary in the first degree, to mean that, upon a first conviction for that offense, the offender would be punishable by a term less than his natural life, and that, the statute not fixing any maximum term of sentence, it must follow that the maximum term of sentence for robbery in the first degree and burglary in the first degree would be the term of the offender's natural life. By that reasoning the trial courts have, for all convictions of robbery in the first degree and burglary in the first degree, after a previous conviction of a felony, sentenced the offenders to the term of their natural lives.

There is apparent a different construction which may very well be placed upon section 1941 of the Penal Law in that where no maximum term of sentence is fixed, as for robbery in the first degree and burglary in the first degree, there is no way, in a hypothetical case, of determining whether the offender *would* be punishable by a term less than his natural life until after the court had imposed its sentence in such a case. Particular emphasis is called to the word *would* and to the fact that the Legislature did not employ the use of the word *could*. There is also presented the question as to whether or not section 1941 should apply to either robbery in the first degree or burglary in the first degree, upon which the sentence does not call for the *longest* or maximum term. Attention is also called to the fact that under the present construction of the trial courts of section 1941, the word " twice " as contained in the phrase " more than twice the longest term, prescribed upon a first conviction " is surplusage, for no man could be sentenced for twice his natural life.

The Legislature has, by the re-enactment of section 2188 of the Penal Law, just taken from the court the power to suspend sentence, suspend the execution of sentence, or place a defendant upon

probation if he has been convicted of a crime punishable by death or life imprisonment. It would seem to be clear that both robbery in the first degree and burglary in the first degree are punishable by life imprisonment. The seriousness of the situation is readily apparent.

In order that an appellate court may pass upon these questions and determine the intent of the Legislature, this court imposed upon the above-named defendant a sentence of twenty-five years, even though his companion had been sentenced for life by another trial judge, and though this defendant had been twice previously convicted. The court then denied the motion of the district attorney for resentence, and, in the event that the sentence in this case is incorrect as determined by an appellate court, the defendant can be readily resentenced.

Motion for a resentence was, therefore, denied and this memorandum filed in explanation of the court's action.