THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ROBERT WASHINGTON, Respondent.*

First Department, February 3, 1933.

*Le Roy Mandle* of counsel [*Thomas C. T. Crain, District Attorney*], for the appellant.

*Clyde Dart* of counsel [*Le Roy Campbell,* attorney], for the respondent.

SHERMAN, J. Respondent was convicted of robbery in the first degree and was likewise found to have been, prior thereto, convicted of a felony so that punishment must be meted to him as a second offender. The learned trial judge sentenced respondent to State prison for an indeterminate term of not less than fourteen years, ten months and nineteen days and not more than thirty years, whereupon the district attorney moved for a resentence,

* Appeal dismissed, 262 N. Y. ——.

claiming that under the provisions of the Penal Law, defendant should have received an indeterminate sentence of not less than thirty years nor more than sixty years.

The appeal from the denial of this motion brings the matter here for review. The question is purely one of law, the court, of course, being required to give effect to the language of the statute.

Apparently there existed uncertainty as to the punishment, as a second offender, of one convicted of robbery in the first degree or of burglary in the first degree. Even a first offender was punishable by life imprisonment, owing to the then wording of sections 2125 and 2191 of the Penal Law. (*People* v. *Sobierajski,* 224 App. Div. 227.)

The Legislature, by chapter 275 of the Laws of 1932 (in effect March 18, 1932), has since amended the Penal Law with respect to each of these offenses. Although the crime was committed by respondent prior to this amendment, his trial was subsequent thereto and the statute, as amended, applies. (*People* v. *Roper,* 259 N. Y. 170.)

We are concerned here with the effect of the amendment, relating to the crime of robbery in the first degree. Section 2125 of the Penal Law was amended to read as follows: " Robbery in the first degree is punishable by imprisonment for an indeterminate term the minimum of which shall be not less than ten years and the maximum of which shall not be more than thirty years."

A second felony offender is still subject to the provisions of section 1941 of the Penal Law, viz.: " A person, who, after having been convicted within this State, of a felony, or an attempt to commit a felony, or, under the laws of any other State, government, or country, of a crime which, if committed within this State, would be a felony, commits any felony, within this State, is punishable upon conviction of such second offense, as follows:

" If the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction."

By the provisions of section 2189 of the Penal Law a first offender must be sentenced to an indeterminate term. Hence, if the provisions as to indeterminate sentences apply only to first offenders the words " indeterminate term " employed in section 2125 as recently amended would be superfluous. The sentence of defendant as a second offender must, of necessity, be an indeterminate sentence.

We hold that the statute made it mandatory for the trial court

to impose an indeterminate sentence of not less than thirty years (the longest term) nor more than sixty years (twice the longest term).

Accordingly the conviction should be affirmed, but the defendant remanded for sentence in accordance with the views above expressed.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Conviction affirmed and defendant remanded for sentence in accordance with the views expressed in opinion. Settle order on notice.