THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* ROBERT WASHINGTON, Appellant.

(Argued April 20, 1934; decided May 22, 1934.)

*Clyde Dart* and *Edward T. Tighe* for appellant. It was proper to sentence the appellant, a second offender, to an indeterminate sentence, as provided by the trial court and by the Appellate Division. (*People* v. *Roper*, 259 N. Y. 170; *People* v. *Pechota*, 209 App. Div. 164; 240 N. Y. 574.) An indeterminate sentence must be regarded as a sentence for the maximum term prescribed. (*People* v. *Adams*, 176 N. Y. 351; *Matter of Gargan* v. *Sculley*,

82 Misc. Rep. 667; *People ex rel. Clark* v. *The Warden*, 39 Misc. Rep. 113; *People ex rel. Haupt* v. *Lasch*, 122 Misc. Rep. 223; *United States ex rel. Paladino* v. *Commissioner of Immigration*, 43 Fed. Rep. [2d] 821; *People ex rel. Brackett* v. *Kaiser*, 209 App. Div. 722; *Commonwealth* v. *Brown*, 167 Mass. 144; *Hubert* v. *Fenton*, 115 Neb. 818; *Commonwealth* v. *Kalck*, 239 Penn. St. 533; *Matter of Lee*, 177 Cal. 690.)

*William Copeland Dodge, District Attorney* (*Le Roy Mandle* of counsel), for respondent.   The judgment of the Appellate Division vacating the sentence of the trial court and prescribing that the punishment for a second felony offender convicted of first degree robbery shall be not less than thirty nor more than sixty years, is correct. (*People* v. *Adams*, 176 N. Y. 351; *People ex rel. Mason* v. *Brophy*, 235 App. Div. 432; *People* v. *Raymond*, 96 N. Y. 38; *Wojtkowiak* v. *Evangelical Lutheran St. John's Church*, 236 App. Div. 411; *People* v. *Dwyer*, 215 N. Y. 46.)   A flat sentence should be imposed upon the appellant between the limits of thirty and sixty years, and the Appellate Division in sentencing the defendant to an indeterminate sentence was in error. (*People ex rel. Steckler* v. *Warden*, 259 N. Y. 430.)

CROUCH, J.   The appellant was convicted of robbery in the first degree as a second offender. He has been sentenced to " the indeterminate term, the minimum of which shall be not less than thirty years and the maximum of which shall be not more than sixty years." (*People* v. *Washington*, 237 App. Div. 603; 240 App. Div. 1028.) The appellant concedes and asserts that his sentence must be indeterminate, but he contends that it should be for a " term of not less than fifteen to thirty years [the maximum term for a first offender], or in the trial court's discretion to any longer indeterminate sentence not to exceed thirty to sixty years [twice the term prescribed for a first offender]."

Since we disagree with the view that the sentence must be for an indeterminate term, it becomes unnecessary to deal with the point of difference between the appellant and the Appellate Division. The difficulty arises from the language of Penal Law, section 2125, as amended by the Laws of 1932, chapter 275, which reads as follows: " Robbery in the first degree is punishable by imprisonment for an indeterminate term the minimum of which shall be not less than ten years and the maximum of which shall be not more than thirty years."

It is said that the section makes mandatory an indeterminate sentence in the case of a second offender. The argument is that the phrase " an indeterminate term " would otherwise be superfluous, since by the provisions of section 2189 of the Penal Law a first offender must, in all cases, be sentenced to an indeterminate term. The conclusion does not necessarily follow from the argument, and there are good reasons for a contrary conclusion.

The same Legislature which enacted the statute in question considered but failed to pass bills amending section 1941 of the Penal Law so as to provide that all second offenders should receive indeterminate sentences. It is unlikely that the Legislature should have singled out first degree robbers and first degree burglars from among all felons as subjects for correctional treatment. It is much more likely that the intent was merely to do away with the possibility of a life sentence for first degree robbers and burglars as first offenders, and to clarify the uncertainties of sentence under the then existing statutes. (Cf. *People* v. *Sobierajski*, 224 App. Div. 227.)

Obviously, amended section 2125 must be construed in connection with the so-called second offender statute, section 1941 of the Penal Law. Otherwise, there is no authority for imposing additional punishment for a second offense. But the history and settled construction of, and the uniform practice under section 1941, preclude its application to an indeterminate sentence. In sub-

stantially its present form it was originally enacted as section 688 of the Penal Code which went into effect of the 1st of December, 1882. " The statute embraces any felony, the design evidently being to punish severely for a second felony." (*People* v. *Raymond*, [1884] 32 Hun, 123, 126; affd., 96 N. Y. 38.) It contemplated a determinate sentence for a flat term fixed by the court somewhere between the longest term and twice the longest term prescribed upon a first conviction. Such has been the invariable practice. The minimum and maximum limits were intended merely to leave play for the exercise of discretion. The use of indeterminate sentences was not authorized until some years later. (See *People ex rel. Ammon* v. *Johnson*, 114 App. Div. 876.) We come then to this: Any sentence imposed under the authority of section 1941 of the Penal Law must still be, as it has always been, for a fixed term of years; if section 2125 of the Penal Law makes mandatory an indeterminate sentence in the case of a second offender, then its measure must be found within the section itself; it may have no aid from section 1941; but, so measured, the term for a second offender is the same as that for a first offender. This leads to an absurdity.

As a final reason for rejecting the construction adopted below, one finds the sentence imposed under it unfair and contrary to all intendments. An indeterminate sentence is regarded as a sentence for the maximum term prescribed. (*People* v. *Adams*, 176 N. Y. 351, 362.) The appellant, though sentenced to a term indeterminate in form, has in fact been sentenced to what is a flat term of sixty years. That is so because there is, at this writing, no provision for the parole of second offenders. (See Correction Law, § 223; Cons. Laws, ch. 43.) The minimum term of thirty years means nothing. We are unwilling to ascribe any such intent to the Legislature.

The judgment of the Appellate Division in so far as appealed from should be reversed, the sentence should be

set aside, and the defendant ordered to be brought before the trial court for resentence to a flat term of not less than thirty years or more than sixty years.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.