THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PETER DOMKIEWICZ, Defendant.

Supreme Court, Erie County, December 18, 1937.

Walter C. Newcomb, District Attorney [Wellington J. Wetherbee, Assistant District Attorney, of counsel], for the plaintiff.

A. Stanley Copeland, for the defendant.

HINKLEY, J. This is a motion to expunge a sentence of life imprisonment imposed upon the above-named defendant by this court and to impose a new sentence. The defendant was sentenced on February 28, 1930, upon his plea of guilty to robbery, first degree. The power of the court to so act must be predicated upon the premise that the first sentence was void and not simply erroneous, in which event such authority exists. (Matter of Cropsey v. Tiernan, 172 App. Div. 435; People ex rel. Friedman v. Hayes, Id. 442.) The motion might be determined upon the ground that defendant's claim, although he designates it as unlawful, is that the sentence imposed was irregular and erroneous. The jurisdiction of the court to impose sentence is not questioned nor does the claim of defendant imply or suggest that the sentence imposed was void.

Passing that question, it would seem that the sentence imposed upon defendant was correct and was not unlawful, irregular, erroneous or void. The penalty for robbery, first degree, at the time of sentence was " for a term not less than fifteen years." (Penal Law, § 2125.) The defendant was arraigned before the court for sentence under section 1941 of the Penal Law as a second offender. The latter section at that time read as follows:

" A person, who, after having been convicted within this State, of a felony, or an attempt to commit a felony, or, under the laws of any other State, government, or country, of a crime which, if committed within this State, would be a felony, commits any felony, within this State, is punishable upon conviction of such second offense, as follows:

" If the subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term of not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction."

Both sections 2125 and 1941 have since been amended by reason of the confusion in sentences as indicated. (People v. Washington, 264 N. Y. 335, at p. 337, and People v. Sobierajski, 224 App. Div. 227.) But this motion must be determined in the light of the sections of the Penal Law as they existed on February 28, 1930, the date of the defendant's sentence.

Upon the arraignment of defendant as a second offender, the district attorney filed a proper information as required. The

court thereupon followed the required procedure and informed defendant of his rights. The defendant thereupon admitted his identity as the person charged with a previous felony. Thereupon the court pronounced upon the defendant the definite, determinate sentence of life imprisonment.

Counsel for defendant contends that the court could not sentence the defendant under section 1941 as a second offender because of the peculiar language of that section, for no man could be sentenced for more than his natural life. (*People* v. *Sobierajski*, 224 App. Div. 227.) Had the defendant been a first offender the court would have sentenced him as required to an indeterminate term. (Penal Law, § 2189.) The court, in view of the fact that the defendant was a second offender, was compelled to impose upon him a definite sentence. That sentence had to be for a fixed term of not less than the longest term nor more than twice the longest term provided upon a first conviction. (*People* v. *Washington*, 264 N. Y. 335; *People* v. *Daiboch*, 263 id. 125; *People ex rel. Temple* v. *Brophy*, 248 App. Div. 442.)

Concededly, the sentence imposed was not less than the longest term prescribed upon a first conviction, to wit, that of life. Obviously, defendant could not have been sentenced to a longer term than his natural life. So that the limitation that might obtain in other instances was mere surplusage in this case. Therefore, if we take the view that robbery, first degree, is a crime which, if a first offense, would be punishable for any term less than natural life, then section 1941 of the Penal Law applies; in which view the sentence of life imprisonment was proper and mandatory as it was not less than the longest term nor more than twice the longest term prescribed upon a first conviction. If, on the contrary, we take the view that robbery, first degree, would not be punishable for any term less than natural life, then the court would have been compelled to punish defendant as a second offender under section 2125 of the Penal Law. There being no limitation under that section save a minimum of fifteen years, a life sentence was proper. The serious crime to which defendant pleaded guilty was aggravated by defendant's felonious attack upon the complainant in open court and called for most drastic punishment. Nevertheless, the court realizes that hardship exists in the case of this defendant and every person sentenced for a definite determinate sentence of life imprisonment as compared with individuals punished for like offense after the recent amendments to the Penal Law, for the only hope of this defendant and others similarly situated is that of commutation by a humane Governor. The defendant, although a second offender, is not subject to parole

as is the case now with a fourth offender.   The State Parole Board, as now constituted, is not only inspired by a sense of justice but is also highly efficient.   Sentences should be measured by a desire for reformation upon the part of the individual and equal protection to society and not solely as punishment.   This is indicated by the recent changes in the Penal Law.

Section 2125 of the Penal Law, which provides for punishment for robbery, first degree, and section 407 of the Penal Law, which provides for punishment for burglary, first degree, have been changed from not less than fifteen years to an indeterminate term of ten to thirty years.   Section 1942 of the Penal Law, providing for the punishment for fourth offenders, has been changed from life imprisonment to an indeterminate term which gives jurisdiction to the Parole Board for prisoners sentenced under that section.   The defendant and undoubtedly others occupy an unfortunate position having been sentenced prior to such changes in the Penal Law.   In the interest of complete justice, further changes should be made in the Penal Law.   Prisoners who are incarcerated for life under the sections of the Penal Law prior to the recent amendments should be able to earn some commutation and if released be subject to parole supervision.   Every person imprisoned, no matter when or for what term, should be given the encouragement of commutation. Society will be the better protected if he is released under the control of parole rather than that upon release by pardon or otherwise he be turned loose upon society without restraint.

Motion denied, without costs.