THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD PRZYBYL, Appellant, v. JOSEPH H. BROPHY, Warden of Auburn State Prison, Auburn, New York, Respondent.

Fourth Department, March 20, 1940.

*Edward Przybyl*, appellant, in person.

*John J. Bennett, Jr., Attorney-General [Edward T. Boyle* of counsel], for the respondent.

DOWLING, J. By section 231 of the former Penal Code, as amended by chapter 662 of the Laws of 1892, the punishment for robbery, first degree, was " imprisonment for a term not exceeding twenty years." According to the title of that chapter the purpose was " to vest in judges a discretion as to minimum punishment of crime." Chapter 662 of the Laws of 1892 was repealed in 1909 by section 2501 of the Penal Law. The provisions of section 231 of the Penal Code were re-enacted in 1909 and became section 2125 of the Penal Law. Section 2125 was amended by chapter 436 of the Laws of 1926 to read " Robbery in the first degree is punishable by imprisonment for a term not less than fifteen years." By this amendment we infer that the Legislature intended to vest in judges a discretion as to the maximum punishment for the crime of robbery, first degree, in addition to the discretion they already possessed as to the minimum punishment for such crime. The effect, therefore, of the 1926 amendment was to repeal chapter 662 of the Laws of 1892 in so far, at least, as the twenty-year maximum punishment for robbery, first degree, was concerned. This conclusion finds support in the fact that the Legislature, by chapter 275 of the Laws of 1932, amended section 2125 of the Penal Law to provide for an indeterminate term for first offenders, convicted of robbery, first degree, of not less than ten years nor more than thirty years.

On January 14, 1930, the appellant was convicted in the Erie County Court of the crime of robbery in the first degree, and on

January 20, 1930, he was sentenced, as a first offender, to a term of not less than twenty years and not more than the term of his natural life. The appellant maintains that the only effect of the 1926 amendment was to provide for a minimum term of not less than fifteen years and that the maximum term for robbery, first degree, for a first offender, could not exceed twenty years, as provided in section 231 of chapter 662 of the Laws of 1892, and that the sentence imposed upon him was, therefore, illegal. With this contention we are unable to agree. We think a first offender, convicted of robbery, first degree, under the statute as it was in 1930, could have been sentenced legally to a term of not less than fifteen years and not more than life. (See *People* v. *Sobierajski*, 224 App. Div. 227, 228; *People* v. *Washington*, 264 N. Y. 335, 337, and the view expressed in the opinion of the Appellate Division in *People* v. *Washington*, 237 App. Div. 603, 604; 240 id. 1028; revd. on another ground, 264 N. Y. 335. See, also, Penal Law [1930], § 2189.) The lot of persons convicted of the crime of burglary or robbery in the first degree, as first offenders, prior to March 18, 1932, may be ameliorated under the provisions of subdivision 4-a of section 230 of the Correction Law (added by Laws of 1933, chap. 510), which provides, in substance, that such offenders may be released on parole after they have served ten years of the sentences imposed upon them.

The order should be affirmed, without costs of this appeal to either party.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Order affirmed, without costs of this appeal to either party.