THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM J. BUCKLEY, Defendant.

Supreme Court, Erie County, May 29, 1942.

*Leo J. Hagerty, District Attorney,* and *John J. Bennett, Jr., Attorney-General [Bernard L. Alderman, Assistant Attorney-General,* of counsel], for the People.

*Wortley B. Paul* and *John J. Kane,* for the defendant.

HINKLEY, J. This is the return of an order to show cause issued by and at the request of the court asking that the above-named defendant be sentenced to an indeterminate term instead of the flat, definite sentence of twenty-five years which had been imposed.

The above-named defendant, while being tried upon a charge of murder, first degree, and on April 23, 1942, pleaded guilty before me to the crime of murder, second degree. On May 1, 1942, he

admitted his identity as being the person who had previously been convicted of two designated felonies. Thereupon he was sentenced to Attica State Prison to a flat, straight, definite term of twenty-five years. There has been some confusion in the decisions due to the various amendments of the Penal Law, and the court believes it should give its reasons for the resentence.

Murder, second degree, is punishable under section 1048 of the Penal Law as follows:

" § 1048. Punishment for murder in the second degree. Murder in the second degree is punishable by imprisonment under an indeterminate sentence, the minimum of which shall be not less than twenty years and the maximum of which shall be for the offender's natural life; and any person serving a term of imprisonment for life, under an original sentence for murder in the second degree, on the first day of September, nineteen hundred and seven, shall be deemed to be thereafter serving under such an indeterminate sentence."

Section 1941 of the Penal Law is as follows:

" § 1941. Punishment for second or third offense of felony. A person, who, after having been once or twice convicted within this State, of a felony, of an attempt to commit a felony, or, under the laws of any other state, government, or country, of a crime which, if committed within this State, would be a felony, commits any felony, within this State, is punishable upon conviction of such second or third offense, as follows:

" If the second or third felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for an indeterminate term the minimum of which shall be not less than the longest term prescribed upon a first conviction and the maximum of which shall be twice such term."

The first question confronting the court is whether section 1941 applies to a conviction of murder, second degree. It is readily apparent that if section 1941 of the Penal Law applies to second and third offenders convicted under section 1048 of the Penal Law of murder, second degree, then the court should have imposed upon the above-named defendant a mandatory sentence. The minimum of that sentence would have to be the maximum for the first offense, to wit, for the offender's natural life, and the maximum twice such term, to wit, twice his natural life, with the privilege to the court of increasing the punishment provided by section 1944 of the Penal Law by a further term of from five to twenty-five years for being armed with a dangerous weapon. This leads to an absurdity and could never have been the intent of the Legislature.

Reference was made in 1928 in *People* v. *Sobierajski* (224 App. Div. 227, 228) to the peculiar use of the word " *would* " in section 1941 of the Penal Law. There is still no way, as was pointed out at that time, of determining in a hypothetical case whether the offender *would* be punishable by a term less than his natural life until after the court had imposed its sentence in the imaginary case. Chapter 70 of the Laws of 1936 fixes all sentences under section 1941 as for an indefinite term, and it was commonly accepted that every second and third or fourth offender must receive an indeterminate term.

There are apparently only three offenses defined under the Penal Law in which a life sentence is mentioned: *First*, that of a felony murder, section 1045-a, when the sentence may be fixed by the jury as a life term; *second*, that of kidnapping under section 1250, when the jury may recommend imprisonment which is fixed at a minimum of not less than twenty years and the maximum of which shall be for the natural life of such convicted person; and, *third*, for murder, second degree, the minimum sentence of which shall be not less than twenty years and the maximum of which shall be for the offender's natural life.

Clearly in the first instance the penalty could not be increased no matter how many previous convictions were of record against the offender. The legislative intent as to the other two instances is equally clear, when it gave to the court the power to impose a sentence of not less than twenty years to life. The minimum of a term not less than twenty years gave to the court the power to increase such minimum to any number of years according to the previous history of the convicted person, including any number of previous felonies. (*People ex rel. Mummiani* v. *Lawes*, 258 App. Div. 643.) Any increase of the minimum sentence by the court is a matter of form, as under an indeterminate sentence the offender's imprisonment is at the will of the Parole Board and " an indeterminate sentence is regarded as a sentence for the maximum term prescribed." (*People* v. *Washington*, 264 N. Y. 338.) Whether it was intended to limit the power of the sentencing judge to determine the ultimate incarceration of the offender is beside the point, as by statute it has been so limited.

Serious consideration of section 1941 of the Penal Law leads to the conclusion that that section does not apply to the punishment provided in section 1048 for murder, second degree. As an interesting side light, it is apparent that the crimes of murder, first and second degrees, are expressly excluded from the fourth offender statute. (Penal Law, § 1942.) There is thus no increased punishment provided by statute in the event of previous convic-

tions of one convicted of murder, second degree. Recourse must alone be had to section 1048. Section 2189 of the Penal Law does not apply. For even if the last sentence could be construed to have application to murder, second degree, no one could estimate what would be one-half the term of a living prisoner's natural life.

There is now the further question confronting the court: Should the defendant, who is a third offender, be sentenced to a straight, flat, determinate sentence for a definite period of years, or should he be sentenced as a first offender to an indeterminate term? The case of *People* v. *Washington* (264 N. Y. 335 [1934]) seems to have held at that time that all second offenders must receive a flat sentence. But that case involved robbery, first degree, and thereafter chapter 70 of the Laws of 1936 provided an indeterminate term for second offenders convicted of that crime. The case of *People ex rel. Miresi* v. *Murphy* (253 App. Div. 441; motion for leave to appeal denied, 254 id. 800; 278 N. Y. 741) is authority for the imposition of an indeterminate sentence in this instance. Unfortunately there is nothing in the reports of cases to show that Miresi was a second offender. The records and briefs, however, do disclose that to have been a fact. There is in the eyes of the statutory law no second, third or fourth offender convicted of murder, second degree, as no increased punishment has been provided. The imposition of an indeterminate sentence when the maximum is life is more severe than a definite sentence. For the offender must, so long as he lives, be under the control of the Board of Parole, whose power of incarceration ceases only with the death of the prisoner. The power of fixing a definite termination of sentence for murder, second degree, being no longer vested in the sentencing judge, the formality of determining the previous convictions of the offender is simply a matter of record for the future guidance of the Board of Parole.

The court in *People ex rel. Mummiani* v. *Lawes* (258 App. Div. 643) need not have considered whether the offender received twenty years or a longer term as a minimum. Nor need the court at this time give consideration in that regard to the minimum sentence, for that means nothing. (*People* v. *Washington, supra,* 338.) Conversely, however, the minimum sentence means much. For the time when a prisoner can be released by the Parole Board is fixed by his minimum sentence less the allowance credited to him for compensation. (*People ex rel. Mason* v. *Brophy,* 235 App. Div. 432.) The prisoner to whom has never been given the right to ask or receive parole must await an act of grace upon the part of the Board of Parole or occasional executive clemency. The nearer he approaches the time when parole is possible the greater his incentive to merit his release by good conduct. The confidence which the

statute places in the Board of Parole by empowering it in its best judgment to continue the imprisonment of the offender until the maximum of his sentence should constrain the sentencing judge to hasten the time when the Board of Parole may grant release.

For these reasons the court has revoked its previous flat sentence of twenty-five years and resentenced the defendant to an indeterminate term the minimum of which shall be twenty years and the maximum his natural life. Likewise the court has on the same day and for the same reasons revoked the flat sentence of thirty-five years imposed upon one Roman Marcinkowski on October 4, 1935, for the crime of murder, second degree, and sentenced him to an indeterminate term the minimum of which shall be twenty years and the maximum his natural life.