Thomas Dickens, J.
Defendant’s coram nobis application contains a challenge to the validity of the judgment of conviction, because he was not represented by counsel at any time during the prosecution of the indictment.
*651 The record of the case discloses, however, a consistent course of conduct indicating an unequivocal waiver of this right.
In it I find that on the day of arraignment and plea, and also two weeks later, on the day of sentence, when the court offered to assign counsel in his behalf, defendant flatly refused the offer in each instance. And, it is to be noticed that despite the intervening period from arraignment day to sentence day, during which he had reasonable time for reflection as to a change of mind, defendant, nevertheless, adhered on sentence day to his original refusal of counsel made on arraignment day.
Judging from all that appears in the record, I am of the firm conviction that defendant had acted with understanding and comprehension when he refused the court's offers to have counsel assigned to him. (Cf. People v. Conroy, 1 A D 2d 513.)
In effect then, having voluntarily abandoned the right to counsel, defendant has no reason to make complaint at this late date that he was denied the opportunity to avail himself of his constitutional right. Phrased differently, his attitude betokened a willing surrender of the right to appear by counsel. (See People v. Church, 2 A D 2d 930; People v. Mulligan, 286 App. Div. 1130.) Also, see interesting discussion, pro and con, in Eli Frank on Coram Nobis (p. 38, § 3.01 [g] et seq. and Ann. Cumulative Supp., p. 9, n. 51).
Besides, defendant did not comply with the rule requiring new facts to be set forth in a renewal application of a similar motion when already denied. (See People v. Bardall, 150 N. Y. S. 2d 758.) I particularly refer to my denial on July 9, 1957, of a similar motion heretofore made by defendant.
Motion denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.