Thomas Dickens, J.
The validity of the second felony sentence inflicted on defendant, is made the object of legal attack in this motion.
Put forth as the controversial argument in support of this move, is the alleged impropriety of using a prior judgment of conviction of a sister State for the groundwork of the multiple sentence, here, when, ¡according to defendant’s contention, it did not measure up to the specification required by section 1941 of the Penal Law.
For preliminary concern to this primary issue and by way of comparison with the present motion, it is important to take into consideration at this time the several other attempts that had heretofore been made through the medium of similar motions to upset the local sentence and the failure of each attempt. In every instance, the gravamen of the criticism had been the same. In every instance, no appeal had been taken. Consequently, the binding effect of the orders entered therein has continued to remain in status quo, and the subject of these orders now becomes the law of the case. (Cf. People v. Richter, 182 Misc. 96.)
*986 A careful perusal of the extent of the dissent in the instant motion, convinces me that fundamentally it is factually the same in essence as that contained in the others. The difference may be said to be merely in the form of presenting the subject matter.
It is clear to me, therefore, that what defendant is, by this method, attempting to do, is, undoubtedly, again trying to ring the changes on the theme of the dissent which he had evinced in the prior defeated motions. In other words, he is attempting to relate the same grievance couched in a variant verbal design. Reduced to its reality, this motion amounts, in sum and substance, to no more than a renewal of the original motion but, however, without a compliance with the rule requiring new facts to be .shown when a similar motion had been already denied. This, evidently, cannot be permitted. (Cf. People v. Hunter, 142 N. Y. S. 2d 575; People v. Winningham, 11 Misc 2d 650.)
Moreover, if suffered to prevail in the present circumstances, such motion would be tantamount to the substitution of an appeal. This, evidently too, cannot be permitted. (Cf. People v. Shapiro, 2 Misc 2d 462, affd. 3 A D 2d 740, affd. 3 N Y 2d 203.)
Furthermore, if purposed as one for reargument, this motion tabes on another hue. In such instance, it seems that the motion can be granted by the Judge who had denied the original motion, where it is shown that his former decision was due to an oversight, error, or misapprehension of the law or of the facts controlling the issue involved, but must be based upon the same state of facts alleged in the original moving papers and on no other. (People v. Dellamura, 28 N. Y. S. 2d 584.) And this only after leave had been granted by the same Judge. (Mutual Life Ins. Co. of N. Y. v. 160 East 72nd St. Corp., 272 App. Div. 48.)
It follows that the motion for a resentence must be denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.