Thomas Dickens, J.
Defendant challenges the validity of the sentence. In his letter he contends that his plea of guilty was interposed to the crime of “ feloniously possessing a narcotic drug,” not to that of “ attempted felonious possessing of a narcotic drug.”- With respect to this matter, I find that the notation, made by the clerk on the indorsement sheet attached to the indictment, reads “ attempt to feloniously possess a narcotic drug.” Also with respect to the same matter, the minutes of sentence, dated November 26,1952, contain the following language in part, used by his attorney in addressing his plea to the Judge: “ The defendant pleaded guilty of an attempt to sell and feloniously possess a narcotic drug”. (Italics supplied.) At any rate, it is evident from the minutes of sentence, above referred to, that the sentencing Judge, on the basis of the probation report, deemed defendant to be a fit subject for reformation. Consequently, in the exercise of the discretionary power vested in him by virtue of section 2185 of the Penal Law, the Judge sentenced defendant to be confined in Elmira *558 Reformatory, rather than in a State prison under a mandatory sentence called for by the terms of section 1751 of the Penal Law.
The application is denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.