Thomas Dickehs, J.
Four of the five points of contention raised by defendant in this coram nobis motion may be disposed of with dispatch, as follows:
1. A discrepancy as to the nature of the crime in the warrant of commitment, assuming the existence of such discrepancy factually, does not affect the judgment of conviction, the commitment being merely a direction to an officer in execution of the judgment. (People ex rel. Wolosky v. McDonnell, 116 N. Y. S. 2d 387, affd. 280 App. Div. 914.) Compare as to defendant’s alleged contention of a variation in the nature of the crime, People v. Johnson (110 N. Y. 134, 141).
2. The response by defendant’s attorney to the allocution bound defendant. (People v. Daboul, 209 N. Y. S. 2d 4 [citing Eli Frank, Coram Nobis].) Noncompliance with section 480 of the Code of Criminal Procedure, does not fall within the realm of coram nobis relief. (People v. Sullivan, 3 N Y 2d 196.)
3. The signature of the foreman of the Grand Jury appears on the indictment in the place designated for Ms signature. The signature is verified by the District Attorney in his memorandum of law, which is attached to his opposing affidavit, as being that of the foreman. Even if the signature were missing, the omission would not raise the kind of issue that could be made remediable by coram nobis. (People v. Seymour, 12 A D 2d 543; People v. Trahan, 8 A D 2d 687.)
4. The recitation relative to prior crimes made by the Judg’e at the sentence session has no bearing on the effectiveness of the sentence, for it is the sentence imposed that controls, and not the preliminary remarks by the Judge. (People ex rel. Kern v. Silberglitt, 3 A D 2d 996, affd. 4 N Y 2d 59; People v. Gross, 5 N Y 2d 131; People v. Banner, 5 Misc 2d 355, revd. on other grounds 5 N Y 2d 109; People v. Childs, 87 App. Div. 474; People v. Ponitz, 22 Misc 2d 325, 326.) Also compare sentencing procedure in People ex rel. Hubert v. Kaiser (150 App. Div. 541, affd. 206 N. Y. 46).
*215 Boiled down, defendant’s expatiated account of the fifth point of contention resolves itself into this gravamen: In the course of verifying by questions directed at defendant as to defendant’s change of the plea to that of guilty, the Judge used the phrase, “felonious possession of a pistol,” instead of, 16 criminally carrying concealed a loaded pistol,” the latter of which was the phraseology of the fourth count of the indictment — the count to which defendant had taken the compromised plea of guilty. Such variance, defendant maintains, was fatal.
A reasonable construction leads me to the belief that the phrase, as used by the Judge in his inquiry directed at defendant, was most likely used merely as language generally descriptive of the crime. Be that as it may, however, the stenographic minutes of May 16, 1955, reveal that the attorney’s announcement of the revised plea to that of guilty, specifically mentioned the ‘£ 4th count. ’ ’ Thereupon, in response to the Judge’s respective questions, intended, as it seems, for verification, defendant unequivocally acknowledged in turn that he understood his attorney’s application for a change of the plea; that his plea of guilty was “to the felonious possession of a pistol” (the language used by the Judge); that he understood that the fourth count to which he had pleaded guilty, was a felony; and that a consultation with his attorney had preceded the plea. (Cf. People v. Kildare, 19 Misc 2d 557.) And, reflective of his knowledge and understanding of the proceedings at that session, are the minutes of sentence, dated June 7, 1955. Those minutes are devoid of any sign of objection to the sentence by reason of the Judge’s phraseology, either by defendant himself or by his attorney, or of any request for leave to withdraw the plea of guilty and to reinstate the plea of not guilty.
Further dispelling defendant’s apparent attempt to throw a fog around practicability, are. (a) the appearance of the following notation made on the indictment by the Clerk of the court: £ 1 Defendant pleads guilty before trial of felonious possession of a pistol 4th count to cover indictment ”; and (b) the nonappearance of even one of the present contentions in a prior coram nobis motion made to the very same Judge who had sentenced defendant. (See Indictment, No. 1057-55; notice of motion, dated Dec. — 1955, petition attached sworn to Dec. 6, 1955; opinion, Vaxente, J., dated, Dec. 22, 1955.)
Considering now the law, I find the following principles to be applicable to this point of contention:
1. On the assumption that the Judge’s diversion of language was error, nevertheless, I find the law to be that errors happen *216 ing in the course of a sentence to be imposed, are not subject to coram nobis relief. (People v. Brancazio, 22 Misc 2d 302, 308.) Factually, however, as I had pointed out, neither the Judge, nor the attorney, nor defendant himself, at any time, was at cross-purposes with one another as to what count had been, by accord, selected as the basis of the plea.
2. Because an official stenographer is an officer of the court, such stenographer’s official minutes are given judicial credence as a literal court record, absent, particularly, any sound reason to call in question their contents. (People v. Ponitz, 22 Misc 2d 325, supra.)
3. The authenticity of the notation on the indictment made by the Clerk, as to the crime pleaded to, bears juridical weight with convincing effect. (People v. Canfora, 9 Misc 2d 930, 932, affd. 6 A D 2d 781, cert, denied 359 U. S. 918.)
4. The colloquy between the Judge and defendant was held in the presence of defendant’s attorney, so that if the Judge had been in error, assuming such to be the case, it stands to reason that the attorney would have either objected or called it to the attention of the Judge. (Cf. People v. Johnson, 110 N. Y. 134,143, supra.) See, also, as to knowledge of facts, People v. Gencarelli (15 Misc 2d 45, 47, affd. 9 A D 2d 614, affd. 8 N Y 2d 906, cert. denied 364 U. S. 875).
5. In any event, the remedy of coram nobis does not apply; the other measures provided by the code apply. (People v. Sullivan, 3 N Y 2d 196, supra; People v. Vasquez, 15 Misc 2d 850; Frank, Coram Nobis [195A-1960 Supp.], 3.02 [a], with annotated cases thereunder.)
The long and the short of this comprehensive review of the various factors, from my version of view, makes me doubt both the honesty and the sincerity of defendant in bringing this proceeding. His application impresses me as an attempt to grasp at any straw, however thin, in order to bring about a favorable result. His story, therefore, lacks the leverage of truth and does not stand fair with the law, and so, does not commend itself to my favorable judgment. I conclude that the “ Bare allegations not confirmed by the recorded facts and contrary to the conduct of the defendant and his attorney, are insufficient in law to warrant the granting of a hearing.” (People v. White, 309 N. Y. 636, 640.) This motion to set aside the judgment of conviction is denied in all respects.