Thomas Dickens, J.
Defendant moves for an order to set aside the sentence imposed upon him as a second felony offender, and for a resentence.
The basis of this motion is that defendant was sentenced as a second felony offender on the previous conviction for a crime to which he had not pleaded guilty; consequently, he declares that the present sentence, as it now stands, is erroneous, and therefore, “ this court issue an order for the purpose of correcting the record.”
The gist of defendant’s contention is that the previous conviction should not have been for the lesser crime of an attempt feloniously to possess a narcotic drug, but should have been for its felonious possession, the higher crime, the one to which he states that he had actually pleaded.
It seems that the minutes of pleading disclose that in 1952, defendant, in the presence of his attorney, had pleaded guilty to the crime of the felonious possession of a narcotic drug. On the other hand, the official court record indicates, by an entry therein, that the plea had been taken to the lesser crime of an attempt feloniously to possess a narcotic drug under the second count.
The minutes of sentence also disclose that the pleaded crime, for which he was sentenced to Elmira Reformatory, had been for an attempt feloniously to possess a narcotic drug. The item sheet attached to the indictment indicates by an entry thereon that the acceptance of the plea of an attempt feloniously to possess a narcotic drug was recommended by the District Attorney.
Viewing the argument presented by defendant in the most favorable light, and accepting what he insists upon, and that is, *823 that he had not pleaded to the lesser degree of the crime for which he was sentenced, I am, nevertheless, of the mind that he still would not, in the circumstances of this case, be entitled to be accorded the relief he now seeks.
Both the felonious possession of a narcotic and an attempt feloniously to possess, though the latter is of a lesser degree, are as the language indicates, felonies. (Penal Law, § 1751, subds. 3, 5.) With this statutory law in view, I am of the opinion that defendant, although having allegedly pleaded guilty to the higher degree of the crime, but having been sentenced on the lesser degree instead of on the higher degree, has really no persuasive legal reason for complaint that his constitutional rights had been violated. A malefactor is in no favorable position to find fault when he is charged with the lower of the alleged offenses involved instead of the higher one, and, when, as a result, he receives a benefit. In the borrowed language of the court in People v. Bransby (32 N. Y. 525, 542) I say, “It is hardly becoming for him [defendant] to urge, that he had committed a higher crime, and ought to be more severely punished.” (Cf. People ex rel. Manuele v. Hunt, 153 Misc. 721; People v. Tavormina, 257 N. Y. 84; People v. Scutt, 160 Misc. 25; People v. Gussfeld, 87 Misc. 274.)
I believe that it would be a super-rogation of judicial function or duty to act upon the sentence imposed, inasmuch as both the crimes of possession and the attempt to possess, as heretofore noted, are felonies, and, inasmuch as it cannot be disputed that defendant has become the recipient of a profitable beneficence by an inadvertence of the nature of the prior sentence, which itself is not void, and which, in turn, does not make the multiple sentence void. As to the difference between a void sentence and one that is erroneous, see People v. Domkiewicz (165 Misc. 339). Furthermore, I am at one with the statement made by District Attorney in his opposing affidavit, wherein he remarks: “In view of the fact the petitioner, in either instance, would have been sentenced as a second felony offender the end result necessarily would have been the same.5 ’
Moreover, the present motion is merely a repetition of the same kind of prior motion, dated October 21, 1959, which I had denied. (See People v. Kildare, 19 Misc 2d 557.) In that instance, defendant took no further legal steps regarding the disposition of that motion.
Both on the lack of merits and on the failure of the present motion to meet the legal requirements for a renewal (People v. Kelly, 13 Misc 2d 985) I conclude that the motion should be denied. The motion is denied.