■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CARL WESS, Respondent.— Appeal from an order of the Supreme Court, Kings County, dated October 13, 1967, which granted defendant's motion to dismiss the indictment. Order reversed, on the law, and motion denied. No questions of fact were considered. The evidence before the Grand Jury, if believed, states a prima facie case to support the indictment and, therefore, the dismissal of the indictment was erroneous. Christ, Acting P. J., Brennan and Hopkins, JJ., concur; Rabin and Kleinfeld, JJ., dissent and vote to affirm the order.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES DANIELS, JR., Appellant, v. WARDEN, QUEENS HOUSE OF DETENTION, Respondent.— In a habeas corpus proceeding (erroneously treated as a duplication of a *coram nobis* motion which had been previously denied) with respect to a judgment of the Supreme Court, Queens County, rendered January 24, 1964, convicting appellant of murder in the second degree, on his plea of guilty, the proceeding being predicated on the ground that at the time of the acceptance of the plea appellant was not afforded the warning prescribed in section 335-b (now § 335-c) of the Code of Criminal Procedure, the appeal is from an order of said court dated September 14, 1967 which denied the application. Order affirmed, without costs. While the application was erroneously treated as above noted, we have considered the application in its habeas corpus perspective and find it to be without merit. In our opinion, section 335-b of the Code of Criminal Procedure (now § 335-c) was inapplicable to the crime of murder in the second degree to which relator pleaded guilty. This crime was punishable under section 1048 of the former Penal Law, which contained no prescription or express authorization for different or additional punishment predicated on a prior conviction as contemplated by said section 335-b. Nor, in view of the provision in said section 1048 for a maximum sentence of life imprisonment, may any minimum imposed in excess of the 20-year minimum therein set forth be deemed different punishment so as to render section 335-b applicable (*People* v. *Buckley,* 178 Misc. 545; *People* v. *Martin,* 52 Misc 2d 571; see, also, *People* v. *Washington,* 264 N. Y. 338). Beldock, P. J., Christ, Hopkins, Munder and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS HUTCHINGS, Appellant, v. W. CECIL JOHNSTON, as Superintendent of Matteawan State Hospital, Respondent.— In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Dutchess County, dated September 9, 1968, which dismissed the writ. Appeal dismissed, without costs, as moot in view of the fact that appellant subsequently obtained the relief he sought. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.