■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS LARGEN, Appellant. [855 NYS2d 772]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]). The record establishes that, based upon the understanding that defendant was to be sentenced as a second violent felony offender, County Court agreed to sentence defendant to a term of incarceration of seven years, which is the minimum determinate sentence for a second violent felony offender convicted of a class C violent felony offense (see § 70.04 [3] [b]). At sentencing, however, the People failed to establish that defendant was a second violent felony offender, and the court sentenced defendant to a determinate term of incarceration of seven years pursuant to Penal Law § 70.02 (3) (b), which sets forth the permissible sentencing range for a class C violent felony offense. The minimum sentence under that statute is $3^1/_2$ years, and the People correctly concede that the record fails to establish whether the court was aware of the extent of its discretion when it sentenced defendant to the agreed-upon term of incarceration despite the fact that the People failed to establish that he was a second violent felony offender (see generally People v Schafer, 19 AD3d 1133 [2005]; People v Hager, 213 AD2d 1008 [1995]; People v Woodard, 201 AD2d 896 [1994]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.