# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

175

KA 11-00329

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SCOTT P. FARRELLY, DEFENDANT-APPELLANT.

---

ADAM H. VAN BUSKIRK, AURORA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (DIANE M. ADSIT OF COUNSEL), FOR RESPONDENT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), IN HIS STATUTORY CAPACITY UNDER EXECUTIVE LAW § 71.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered February 1, 2011. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony and unlawful fleeing a police officer in a motor vehicle in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated ([DWI] Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and unlawful fleeing a police officer in a motor vehicle in the third degree (Penal Law § 270.25). We reject defendant's contention that the restitution order in favor of one of the victims does not correspond with the conditions of restitution set at sentencing. County Court assured defendant at sentencing that he would not have to pay restitution twice in the event that the victim recovered insurance proceeds for the damage defendant caused to his house, and the restitution order does not conflict with that statement. Defendant's further contention that the court erred in ordering restitution in excess of the statutory cap is without merit inasmuch as defendant consented to the amount of restitution (see § 60.27 [5] [a]).

Defendant contends that he should not have been sentenced to a period of probation with an ignition interlock device requirement following his sentence of incarceration. He contends that only aggravated DWI offenders (see Vehicle and Traffic Law § 1192 [2-a]) are subject to the mandatory supervision and ignition interlock device requirements set forth in, inter alia, Vehicle and Traffic Law § 1198 for crimes committed prior to August 15, 2010 and that non-aggravated

DWI offenders such as himself are subject to those requirements only for offenses committed on or after August 15, 2010.  We reject those contentions and conclude that defendant misreads the relevant statutes.  Pursuant to L 2009, ch 496, § 15, the amendments to, inter alia, Vehicle and Traffic Law § 1198, are applicable to defendant inasmuch as he was sentenced after they took effect, i.e., after August 15, 2010.  Defendant failed to preserve for our review his further contentions that those amendments are unconstitutional in several respects (*see generally People v Rivera*, 9 NY3d 904, 905; *People v Davidson*, 98 NY2d 738, 739-740; *People v Korber*, 89 AD3d 1543), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  February 17, 2012                    Frances E. Cafarell
                                               Clerk of the Court