◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES VIDAURRAZAGA, Appellant. [953 NYS2d 290]—

Appeal by the defendant from a resentence of the Supreme Court, Nassau County (Berkowitz, J.), imposed February 9, 2011, which, upon his conviction of operating a motor vehicle while under the influence of alcohol as a felony, upon his plea of guilty, inter alia, required him, as a condition of a three-year period of conditional discharge, to install and maintain an ignition interlock device in his automobile for the three-year period of the conditional discharge.

Ordered that the resentence is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for resentencing in accordance herewith.

The defendant was convicted, upon his plea of guilty, of operating a motor vehicle while under the influence of alcohol (*see* Vehicle and Traffic Law § 1192 [3]), as a felony (*see* Vehicle and Traffic Law § 1193 [1] [c] [i]). At sentencing, the Supreme Court sentenced the defendant, as required by Vehicle and Traf-

fic Law § 1193 (1) (c) (iii), to, inter alia, a conditional discharge. The conditional discharge was for a one-year period.

In addition, at sentencing, the Supreme Court, as also required by Vehicle and Traffic Law § 1193 (1) (c) (iii), directed the defendant, as a condition of the conditional discharge, to install and maintain an ignition interlock device in his automobile (*see* 9 NYCRR 358.3 [k]; Vehicle and Traffic Law § 119-a). The court directed him to do so for the one-year period of the conditional discharge.

However, after sentencing, the Supreme Court determined that the period of the conditional discharge had to be three years (*see* Penal Law § 65.05 [3] [a]). Accordingly, the court resentenced the defendant to a three-year period of conditional discharge. In addition, at resentencing, the court increased the duration of the condition requiring the defendant to install and maintain an ignition interlock device in his automobile, directing the defendant to install and maintain an ignition interlock device in his automobile for the three-year period of the conditional discharge.

On appeal, the defendant contends that the Supreme Court actually had, yet failed to exercise, certain discretion when fixing the duration of the condition requiring that he install and maintain an ignition interlock device in his automobile.

Section 1193 of the Vehicle and Traffic Law provides, in pertinent part, as follows: "In addition to the imposition of any fine or period of imprisonment set forth in this paragraph, the court shall also sentence such person convicted of a violation of [Vehicle and Traffic Law § 1192 (2), (2-a) or (3)] to a period of probation or conditional discharge, as a condition of which it shall order such person to install and maintain . . . an ignition interlock device in any motor vehicle owned or operated by such person *during the term of such probation or conditional discharge imposed* for such violation of [Vehicle and Traffic Law § 1192] and in no event for a period of less than six months" (Vehicle and Traffic Law § 1193 [1] [c] [iii] [emphasis added]).

Since the word "during" can be understood to mean "throughout the continuance or course of" (Webster's Third New International Dictionary 703 [2002]), it is possible to read the statutory phrase "during the term of such probation or conditional discharge imposed" to mean "throughout the continuance or course of the term of the probation or conditional discharge imposed." If the statute is read in that manner, it would logically follow that when a court fixes the duration of a condition requiring a defendant to install and maintain an ignition interlock device in his or her automobile, the court must

make the duration of that condition equal to the term of the probation or conditional discharge imposed, and has no discretion as to the duration of that condition. However, if the legislature had intended Vehicle and Traffic Law § 1193 (1) (c) (iii) to be read in that manner, it easily could have drafted the statute to provide that the court must order the defendant to install and maintain the ignition interlock device during the "entire" term of probation or conditional discharge, or "throughout" such term.

The word "during" can also be understood to mean "at some point in the course of" (Webster's Third New International Dictionary 703 [2002]). Thus, the statutory phrase "during the term of such probation or conditional discharge imposed" can reasonably be interpreted in a second manner (*see People v Ryan*, 274 NY 149, 152 [1937]), to mean "at some point in the course of the term of the probation or conditional discharge imposed." If the statute is read in that manner, it would logically follow that the duration of the condition may be something less than the term of the probation or conditional discharge imposed, and, thus, when the court fixes the duration of that condition, the court has a measure of discretion.

In our view, the more natural reading of Vehicle and Traffic Law § 1193 (1) (c) (iii) yields the second interpretation of the word "during" described above. Thus, we conclude that the legislature intended that a court have discretion when fixing the duration of a condition requiring a defendant to install and maintain an ignition interlock device in his or her automobile. Our conclusion is reinforced by the statute's provision that "in no event" may the duration of the condition be "less than six months" (Vehicle and Traffic Law § 1193 [1] [c] [iii]). Because the legislature specified a minimum duration for the condition, it can be inferred that the legislature contemplated that courts would have a measure of discretion when fixing the duration (*cf. People ex rel. Przybyl v Brophy*, 259 App Div 184, 186 [1940], *affd* 285 NY 585 [1941]). Specifically, it can be inferred that the legislature intended that a court have the discretion to fix the duration of the condition anywhere from six months up to the term of the probation or conditional discharge imposed.

Furthermore, interpreting Vehicle and Traffic Law § 1193 (1) (c) (iii) in such a manner is consistent with the "rule of lenity," which provides that when a statute prescribing the punishment for a criminal offense is capable of more than one reasonable construction, the construction more favorable to defendants should be adopted (*People v Green*, 68 NY2d 151, 153 [1986] [internal quotation marks omitted]; *see People v Jackson*, 106 AD2d 93, 96 [1984]).

Based on the record before us, it is not clear whether the Supreme Court was aware that it had discretion in fixing the duration of the condition requiring the defendant to install and maintain an ignition interlock device in his automobile (*see People v Largen*, 49 AD3d 1347, 1348 [2008]). We therefore remit the matter to the Supreme Court, Nassau County, for resentencing (*cf. People v Desulma*, 26 AD3d 443, 444 [2006]; *People v Van Pelt*, 186 AD2d 604, 605 [1992]; *People v Martinez*, 136 AD2d 745, 746 [1988]). We express no opinion as to the appropriate duration of the condition. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.