# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**144**
**KA 11-01198**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DOUGLAS A. BUSH, DEFENDANT-APPELLANT.

---

JONES & MORRIS, VICTOR (MICHAEL A. JONES, JR., OF COUNSEL), FOR
DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR
OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered April 13, 2011. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony (two counts), and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the conditional discharge and ignition interlock device requirement and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [ii]). Defendant contends that the portion of his sentence imposing a three-year conditional discharge and an ignition interlock device requirement is illegal inasmuch as he committed the offense prior to the effective date of the statute imposing those requirements. We agree, and we therefore modify the judgment by vacating those provisions. Pursuant to the Laws of 2009 (ch 496, § 15), the amendments to, inter alia, Vehicle and Traffic Law § 1198 are not applicable to defendant because he committed his offense before November 18, 2009, the date of the enactment of those amendments. The People's reliance on *People v Farrelly* (92 AD3d 1290, *lv denied* 19 NY3d 996) is misplaced inasmuch as the record in that case reveals that the defendant committed his offense after the date on which the amendments were enacted.

Entered: February 8, 2013                          Frances E. Cafarell
                                                   Clerk of the Court