# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**145**

**KA 11-02355**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V  MEMORANDUM AND ORDER

CHAUNCEY K. DEXTER, DEFENDANT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (ELIZABETH ENSELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered August 1, 2011. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Cattaraugus County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated (DWI) as a class E felony (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c] [i]). Defendant was sentenced to an indeterminate term of 1 to 3 years of incarceration followed by a one-year period of conditional discharge with an ignition interlock device requirement. Contrary to the contention of defendant, his sentence is not unconstitutionally disproportionate to his offense. Although the Court of Appeals in *People v Broadie* (37 NY2d 100, 111, *cert denied* 423 US 950) recognized that "a sentence that is 'grossly disproportionate to the crime' may be considered cruel and unusual punishment" (*People v Holmquist*, 5 AD3d 1041, 1042, *lv denied* 2 NY3d 800), we conclude that this is not one of those rare cases described in *Broadie*. Defendant failed to preserve for our review his further contention that the imposition of consecutive sentences of imprisonment and conditional discharge with an ignition interlock device are unconstitutional multiple punishments under Penal Law § 60.21 and Vehicle and Traffic Law §§ 1193 and 1198 (*see People v Rivera*, 9 NY3d 904, 905; *see also People v Davidson*, 98 NY2d 738, 739-740), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Farrelly*, 92 AD3d 1290, 1291, *lv denied* 19 NY3d 996).

The sentence is not unduly harsh or severe, particularly in light of defendant's three prior felony DWI convictions (*see People v Edenholm*, 9 AD3d 892, 893).  We note, however, that the one-year period of conditional discharge imposed by County Court is illegal inasmuch as Penal Law § 65.05 (3) (a) provides that such period "shall be" three years for felony offenses, and "[n]either County Court nor this Court possesses interest of justice jurisdiction to impose a sentence less than the mandatory statutory minimum" (*People v Clark*, 176 AD2d 1206, 1206-1207, *lv denied* 79 NY2d 854; *see generally People v Vidaurrazaga*, 100 AD3d 664, 665).  " 'Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand' " (*People v Davis*, 37 AD3d 1179, 1180, *lv denied* 8 NY3d 983).  We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to afford defendant the opportunity to accept an amended lawful sentence or to withdraw his guilty plea and thus be restored to his preplea status (*see People v Eron*, 79 AD3d 1774, 1775-1776).

Entered:  March 15, 2013                          Frances E. Cafarell
                                                  Clerk of the Court