# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

692

KA 11-02029

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

TAMMY L. MARVIN, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (ROBERT TUCKER OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (NEAL P. MCCLELLAND OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered August 19, 2011. The judgment convicted defendant, upon her plea of guilty, of driving while intoxicated (two counts), a class D felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her, following a guilty plea, of two counts of driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [ii]), defendant contends that County Court improperly imposed a three-year conditional discharge in order to impose a one-year ignition interlock period, and that her double jeopardy rights were violated when the court sentenced her to a conditional discharge sentence that extends two years beyond the imposition of the ignition interlock system portion of her sentence. Defendant failed to preserve those contentions for our review (*see People v Dexter*, 104 AD3d 1184, 1184-1185). In any event, defendant's contention lacks merit. Penal Law § 65.05 (3) (a) requires that the period of the conditional discharge in the case of a felony shall be three years, while Vehicle and Traffic Law § 1193 (1) (c) (iii) requires that the ignition interlock device condition shall be for a period not less than six months but not exceeding the duration of the conditional discharge, and the court complied with those statutes (*see People v Vidaurrazaga*, 100 AD3d 664, 665).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court