# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

290

KA 12-01863

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES BEYRAU, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

ROBERT TUCKER, PALMYRA, FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (JACQUELINE MCCORMICK OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered May 22, 2012. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of marihuana in the second degree (Penal Law § 221.25) and two counts of criminal possession of a weapon in the fourth degree (§ 265.01 [4]). We note at the outset that defendant's contentions on appeal concern only the judgment in appeal No. 1, and we therefore affirm the judgment in appeal No. 2.

With respect to the judgment in appeal No. 1, the record establishes that County Court was aware that it had discretion to impose an ignition interlock period between six months and three years (*cf. People v Vidaurrazaga*, 100 AD3d 664, 666-667). "Penal Law § 65.05 (3) (a) requires that the period of the conditional discharge in the case of a felony shall be three years, while Vehicle and Traffic Law § 1193 (1) (c) (iii) requires that the ignition interlock device condition shall be for a period not less than six months but not exceeding the duration of the conditional discharge, and the court complied with those statutes" (*People v Marvin*, 108 AD3d 1109, 1109).

Entered: March 21, 2014                          Frances E. Cafarell
                                                 Clerk of the Court