# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**799**

**KA 13-01194**

PRESENT: SMITH, J.P., CENTRA, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MELISA NUNEZ, ALSO KNOWN AS MELISSA NUNEZ,
DEFENDANT-APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered May 20, 2013. The judgment convicted defendant, upon her plea of guilty, of driving while intoxicated, a class E felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c] [i]). Contrary to defendant's contention, County Court did not abuse its discretion in sentencing her to, among other things, a three-year conditional discharge that required her to install and maintain an ignition interlock device. "Penal Law § 65.05 (3) (a) requires that the period of the conditional discharge in the case of a felony shall be three years, while Vehicle and Traffic Law § 1193 (1) (c) (iii) requires that the ignition interlock device condition shall be for a period not less than six months but not exceeding the duration of the conditional discharge, and the court complied with those statutes" (*People v Marvin*, 108 AD3d 1109, 1109; *see People v Beyrau* [appeal No. 1], 115 AD3d 1240, 1240).

We also reject defendant's contention that the court erred in concluding that she is able to pay the costs associated with installing and maintaining the ignition interlock device. A defendant "who claims financial inability to pay for the device shall submit in advance of sentencing three copies of his or her financial disclosure report" (9 NYCRR 358.8 [b]). Here, defendant failed to submit the requisite financial disclosure report, and the record otherwise fails

to support her contention that she is unable to pay the cost of installing and maintaining the device.  In addition, her contention is speculative at this time inasmuch as she has not yet been released from prison and thus has not yet had to bear those costs.  Furthermore, if defendant is unable to pay those costs after her release from prison, pursuant to Vehicle and Traffic Law § 1198 (5), she may seek relief from them pursuant to CPL 420.10 (5).

Entered:  July 3, 2014                         Frances E. Cafarell
                                               Clerk of the Court